**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                **Respondent,**        5:07-CR-225
      **vs.**                                     (NAM)

**CARMEN A. CAMP,**

                **Petitioner.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

CARMEN A. CAMP
FCI Camp Danbury
Route 37
Danbury, Connecticut 06811
*Petitioner, Pro Se*

ANDREW T. BAXTER                  Edward R. Broton, Esq.
ACTING UNITED STATES ATTORNEY    Assistance U.S. Attorney
Northern District of New York
100 South Clinton Street
Room 900, P.O. Box 7198
Syracuse, New York  13261-7198

**Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM DECISION AND ORDER

**I.    Introduction**

In July 2007, petitioner pled guilty to embezzlement by a bank employee in violation of 18 U.S.C. § 656.  In November 2007, petitioner was sentenced by this Court to 60 months imprisonment to be followed by a five year term of supervised release.  Petitioner has filed the present motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct her sentence on the basis of the alleged ineffective assistance of her retained counsel.

**II.    Factual and Procedural Background**

The facts of this case, as briefly stated in the Plea Agreement executed by the parties, are as follows: Petitioner was employed by Community Bank, NA for approximately 25 years. Most recently, petitioner was the bank's trust officer. In this capacity, petitioner controlled approximately 150 accounts. Beginning in 1997 and continuing up to March 19, 2007, petitioner systematically embezzled funds from the accounts of at least ten bank customers. Petitioner stole this money through several different means including writing checks on the victims' checking accounts and transferring money directly from the victims' accounts into her own account. The total amount embezzled by petitioner was approximately $555,658.

Pursuant to a written Plea Agreement, petitioner entered a plea of guilty to the one-count Indictment charging her with embezzlement by a bank employee in violation of 18 U.S.C. § 656. As part of the Plea Agreement, petitioner agreed as follows:

> 2. **Waiver of Appeal and Collateral Attack.** The defendant acknowledges that, after consultation with defense counsel, she fully understands the extent of her rights to appeal, and/or to collaterally attack the conviction and sentence in this case. The defendant waives any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal or collaterally attack her conviction and any sentence of imprisonment of 63 months or less, including any related issues with respect to the establishment of the Sentencing Guidelines range. The defendant acknowledges that the number of months specified above is not a promise of any particular sentence and is not binding on the Court. The defendant agrees that, should the sentence imposed exceed 63 months, this would not permit her to withdraw his guilty plea or to appeal or collaterally attack her conviction, but would merely allow the defendant to appeal or collaterally attack the sentence imposed by the Court, to the extent permitted by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255.

At the proceeding, during which petitioner formally entered a change of plea, petitioner admitted facts set forth in the Plea Agreement which the government asserted established her

2

guilt. Petitioner also represented to the Court that she was aware that she was waiving her right to appeal:

> THE COURT: Furthermore, I see in the last paragraph there is a waiver, a 63 month waiver of appeal. What that means to me is this: If I sentence you to 63 months or less, there will be no appeal of any issue involving this case. If I sentence you to more than 63 months, then you could appeal the issue of whether I was correct in what I imposed as a sentence. Is that your understanding too?
>
> The DEFENDANT: Yes, it is, Your Honor.

Plea Transcript, pp. 21 - 22.

On November 20, 2007, this Court sentenced petitioner principally to a term of 60 months and 5 years supervised release. The issue of petitioner's waiver of her right of appeal was also addressed briefly at sentencing:

> THE COURT: Now, both parties have a right to appeal this sentence in certain limited circumstances, except as restricted by any waiver stipulated to in the plea agreement. If you recall, Mrs. Camp, on the date that you entered your plea of guilty, you waived, 63-month waiver of appeal and that means there would be no appeal from this sentence, do you understand that?
>
> THE DEFENDANT : I do.

Sentencing Transcript, p. 13.

In her application pursuant to 28 U.S.C. § 2255, petitioner sets forth several arguments in support of her claim that her counsel was ineffective. Specifically, petitioner alleges that counsel: (1) failed to investigate alleged discrepancies with regard to the total dollar amounts reported as embezzled[1]; (2) failed to challenge the Pre-Sentence Report; (3) failed to assert certain "defenses"

---

[1] Petitioner argues that, "[t]he Plea Agreement states an embezzled amount of $560,000.00" and the Sentencing Memorandum prepared by her counsel reflected an amount of $555,568.00. However, based upon the record, the Plea Agreement lists the amount as $555,658.00. Moreover, during the plea hearing, the Clerk read from the indictment which provided that the amount embezzled was $555,658.00. Therefore, the Court finds this

that could have impacted petitioner's sentence; (4) failed to request a downward departure based upon petitioner's acceptance of responsibility; and (5) failed to review the Sentencing Guidelines and Sentencing Memoranda with petitioner prior to sentencing. Petitioner also claims that she suffered prejudice as she was not present at a pre-sentence conference in chambers and claims that the judge was not impartial. (Dkt. No. 19).

The government filed its opposition to petitioner's motion and argues that petitioner is barred from asserting the claims raised based upon the waiver of appeal/collateral attack contained in her plea agreement. (Dkt. No. 24). Moreover, the government asserts that petitioner's claim that her attorney failed to raise arguments to mitigate her sentence does not negate the waiver agreed to in the plea agreement.

**III.   Discussion**

"It is well established in this Circuit that a knowing and voluntary waiver of the right to appeal is enforceable." *U.S. v. Cunningham*, 292 F.3d 115, 117 (2d Cir. 2002) (citing *U.S. v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001)); *see DeLeon v. U.S.*, 2003 WL 21769836, *3 (S.D.N.Y. 2003) (the defendant's waiver of right to appeal sentence that is within an agreed upon Sentencing Guidelines range "is enforceable when a 'defendant ... knowingly and voluntarily enters into a plea agreement containing a waiver of appeal rights and obtains the benefits of such an agreement' ") (quoting *U.S. v. Difeaux*, 163 F.3d 725, 728 (2d Cir. 1998)). Where the hearing held in conjunction with a plea agreement establishes that the defendant entered into the agreement voluntarily and with an understanding of its terms, including the waiver of a right to file an appeal or collateral challenge to a conviction, the waiver provision is enforceable. *See*

---

argument to be without merit.

*Liberato v. U.S.*, 2001 WL 930238, *5 (S.D.N.Y. 2001) (citation omitted).  A claim of ineffective assistance of counsel is not a vehicle for a criminal defendant to attempt an end-run around a knowing and voluntary waiver of his right to appeal his sentence.  *See U.S. v. Djelevic*, 161 F.3d 104, 107 (2d Cir.1998) (rejecting the defendant's ineffective assistance of counsel claim because it amounted to a challenge of the sentence that was waived in the plea agreement).  The Second Circuit has held that a waiver of a right to attack a sentence that is contained in a plea agreement can be voided, but only when the petitioner is alleging that the process by which he waived his right was deficient. *Hernandez*, 242 F.3d at 113-114 (holding that a petitioner can challenge his waiver only if he is alleging that counsel was ineffective in reaching the plea agreement that formed the waiver).

In this case, the government argues that petitioner waived her right to appeal or attack collaterally her conviction.  Petitioner set forth 14 arguments in her petition with regard to counsel's performance.  However, petitioner never addressed the waiver or made any attempt to explain why it should not be enforced.  As discussed previously, petitioner stated twice, under oath, before this Court that she understood the waiver.  Petitioner is not moving to withdraw her guilty plea and has not claimed that she did not understand the plea agreement or its consequences.  Petitioner has not alleged that her counsel was ineffective in reaching the plea agreement or in including a waiver in the plea agreement.  *See Odiana v. U.S.*, 499 F.Supp.2d 196, 199 (N.D.N.Y. 2007) (holding that petitioner did not attack the making of the plea agreement, therefore there was no reason to void his waiver to allow his collateral attack).  Rather, petitioner claims that counsel was ineffective **after** the plea agreement was executed, prior to sentencing and during sentencing.  Therefore, the Court finds that petitioner's waiver of

5

her right to appeal or collaterally attack this sentence is enforceable and petitioner's claims are barred. *See Garcia-Santos v. U.S.*, 273 F.3d 506, 508-09 (2d Cir. 2001).

Even assuming that petitioner's assertion can be construed as an argument that the plea agreement was entered into without the benefit of effective assistance of counsel, the Court finds the arguments to be without merit. A claim for ineffective assistance of counsel will succeed only if petitioner, who "bears the burden on both points," *Scarpa v. DuBois*, 38 F.3d 1, 8-9 (1st Cir. 1994), shows that "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would be different." *Strickland v. Washington*, 466 U.S. 668, 669 (1984). When a claim of ineffective assistance of legal counsel is made, "[t]here is a strong presumption that an attorney's conduct satisfied the constitutional minimum." *U.S. v. Aguirre,* 912 F.2d 555, 560 (2d Cir. 1990).

Petitioner's claims that her counsel was not prepared and neglected her case are contradicted by petitioner's prior statements and representations. At the commencement of the proceeding in which petitioner changed her plea, the Court asked petitioner if she had sufficient opportunity and adequate time to discuss her case with her attorney and petitioner responded affirmatively. Moreover, petitioner stated that she was fully satisfied with her representation:

> THE COURT: Can you tell me your attorney's name?
>
> THE DEFENDANT: James Hopkins.
>
> THE COURT: Now, he was appointed by the Court to represent you or did you hire him?
>
> THE DEFENDANT: I hired him.
>
> THE COURT: Are you satisfied with his representation of you?

> THE DEFENDANT: Yes, I am.
>
> THE COURT: Has Mr. Hopkins advised you of your rights?
>
> THE DEFENDANT: Yes, he has.

Plea Transcript, p. 11.

Petitioner also claims that her counsel failed to review the Sentencing Guidelines and Sentencing Memorandum. However, petitioner acknowledged that she discussed the consequences of the plea with her attorney as well as the Sentencing Guidelines, and that she understood the consequences of her plea as well as the possible penalties associated therewith. Petitioner stated:

> THE COURT: Okay. Mrs. Camp, has Mr. Hopkins discussed the Sentencing Guidelines with you and discussed and explained them to you?
>
> THE DEFENDANT: Yes, he has.
>
> THE COURT: Do you understand how they work?
>
> THE DEFENDANT: Yes, I do.

Plea Transcript, p. 20; *see Blackledge v. Allison,* 431 U.S. 63, 74 (1977) (statements at plea allocution "carry a strong presumption of verity"); *U.S. v. Bambulas,* 571 F.2d 525, 526 (10th Cir. 1978) (statements at plea allocution are conclusive absent credible reason "justifying departure from their apparent truth").

Petitioner claims that counsel failed to seek a downward adjustment at sentencing and failed to present certain arguments that could have adjusted or removed enhancements to petitioner's points. Specifically, petitioner claims that counsel should have: (1) argued that petitioner did not target elderly or vulnerable victims; (2) argued against the enhancement for

7

Abuse of Position of Trust; (3) argued that the actual victim was the Bank and not the Bank trust customers; (4) argued that petitioner suffered from a "diminished capacity"; (5) argued for consideration of petitioner's background, character and conduct; and (6) sought a downward departure in sentencing based on petitioner's "acceptance of responsibility".[2]

First, under U.S.S.G. § 3A1.1(b), "[i]f the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct," a two-level adjustment is warranted. *See Catalfo v. U.S.*, 1996 WL 219474, at *1(2d Cir. 1996). During petitioner's plea hearing, the government engaged in colloquy with the Court with regard to the trust customers. The government described the customers as handicapped and elderly and stated that the customers were "unable to manage their own financial affairs". Petitioner did not object to this description and subsequently acknowledged that the government's statement was correct.

Second, with regard to the "abuse of trust" issue, petitioner admitted in her plea agreement that she:

> abused a position of trust that significantly facilitated the commission and concealment of the offense pursuant to U.S.S.G. § 3B1.3.

Plea Agreement at ¶9(a)(I). Accordingly, petitioner is precluded from raising that argument.

Third, both in the Sentencing Memorandum and during sentencing, counsel presented the argument that Community Bank was the victim in this case. The Court addressed and rejected that contention. Further, Counsel also urged the Court to consider petitioner's

---

[2] During sentencing, the Court noted that the government "mov[ed] for three points down" based upon "acceptance of responsibility". Therefore, this portion of petitioner's argument lacks merit.

cooperation with the government, remorse, post-offense rehabilitation and her prior "exemplary life".  The Court acknowledged those arguments.  Consequently, these claims are moot.

Finally, with regard to petitioner's claim that she suffered from a "diminished capacity", the Court finds that argument to be without merit.  To warrant a downward departure based upon "diminished capacity", a party must establish the following: (1) significantly reduced mental capacity that was not the result of the voluntary use of drugs and (2) a causal link between that reduced capacity and the party's actions in committing the charged offense.  *See Simmons v. U.S.*, 2005 WL 2033473, *5 (N.D.N.Y. 2005) (quotation and other citation omitted).  Petitioner has not alleged that she was under the care of any medical professional at the time she committed the offense.  Petitioner has not submitted any evidence to establish that she suffered from a reduced mental capacity.  Petitioner simply makes bald conclusory assertions and claims that counsel failed to "review or argue" this point.  Accordingly, it was not unreasonable for counsel to have refrained from seeking a downward departure based upon that reason at the time of petitioner's sentencing.

The balance of issues raised by petitioner herein - e.g., that the judge was not impartial and that petitioner was prejudiced as she was not present at a conference in chambers are: a) not supported by specific evidence in admissible form; and b) are irrelevant to her claim of ineffective legal assistance since there is no evidence that petitioner would not have pled guilty but for these alleged deficiencies in representation or that the outcome of any proceeding was affected by  such errors.  *See Strickland,* 466 U.S. at 694.

After reviewing the entire record, it is clear that petitioner has failed to meet her burden in showing counsel engaged in deficient conduct which prejudiced the outcome of the case. Therefore, petitioner's application is denied.

**IV.    Conclusion**

Based upon the foregoing, petitioner's application pursuant to 28 U.S.C. § 2255 (Dkt. No. 19) is DENIED and the petition is dismissed.

**IT IS SO ORDERED.**

Dated: February 23, 2009
        Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge